UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-25291-CV-MORENO
MAGISTRATE JUDGE REID

DONALD BELL, JR.,

    Plaintiff,

v.

MIAMI DADE POLICE DEPARTMENT, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### **I. Introduction**

This matter is before the Court on Plaintiff **Donald Bell's** *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Because Plaintiff is *pro se* and proceeding *in forma pauperis* in this matter [ECF No. 5], his Complaint is required to be screened pursuant to 28 U.S.C. § 1915(e)(2). *See Mehmood v. Guerra*, 783 F. App'x 938, 940-41 (11th Cir. 2019) (holding that 28 U.S.C. § 1915(e)(2)'s screening requirement applies to "prisoners and non-prisoners alike.") (citations omitted).

In the Complaint, Plaintiff seeks to sue two Defendants, Miami Dade Police Department and its employee Officer Jeffrey Collier, for: (1) "false imprisonment and malicious prosecution;" (2) "harassment;" (3) violation of Plaintiff's Fourth Amendment rights; and (4) "liability." [ECF No. 1 at 6-8]. In short, Plaintiff alleges that on four occasions, Defendant Collier unlawfully arrested him and searched him without probable cause. [*Id.*]. Plaintiff also alleges that he was falsely imprisoned and maliciously prosecuted in connection with the incident. [*Id.*].

Upon thorough review, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** as to Defendant Miami Dade Police Department on all claims, **DISMISSED** as to Defendant Collier on Claim 2 for "harassment" and Claim 4 for "liability" and should **PROCEED** on Claim 1 for false imprisonment and malicious prosecution and Claim 3 violation of Plaintiff's Fourth Amendment rights.

## II.   Discussion

A.   Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can

be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Under 28 U.S.C. § 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

B. <u>Plaintiff's Factual Allegations</u>

In his Complaint, Plaintiff, who is currently homeless, alleges that on July 3, 2019 he was arrested by Defendant Jeffrey Collier for possession with intent to distribute cocaine and possession of crack cocaine. [ECF No. 1 at 5]. After being

arrested, Plaintiff was taken to Miami-Dade Pretrial Detention Center, where he was held until December 9, 2019. [*Id.*].

This was not the first time that Plaintiff was arrested by Defendant Collier under similar circumstances. Plaintiff alleges that Defendant Collier also arrested him on June 25, 2018, July 31, 2018, and December 19, 2018, and attaches the complaints and arrest affidavits as exhibits to his Complaint. [ECF No. 1-1 at 1-8].

Plaintiff alleges that he has been repeatedly harassed and arrested by Defendant Collier from June 25, 2018 until December 9, 2019, and that each time he was arrested, Miami-Dade Police officials approved of his arrest, resulting in his imprisonment while awaiting trial in the respective cases. [ECF No 1 at 6-7]. The most recent arrest on July 3, 2019 became the target of a motion to suppress filed by Plaintiff in his state court criminal proceedings. [*Id.*]. Plaintiff alleges that he argued in the state court that Defendant Collier lacked probable cause to arrest him, because he only observed Plaintiff engage in a single suspected hand-to-hand drug transaction, which is not sufficient to establish probable cause. [*Id.*]. Further, it argued that he could not be searched incident to the arrest, because the arrest was unlawful. [*Id.*]. The state court later granted Plaintiff's motion to suppress, and a few days later, Plaintiff was released from detention and the charges against him were dismissed. [*Id.*].

Plaintiff seeks monetary damages for the illegal search, false arrest, malicious prosecution, and what Plaintiff calls "harassment," as well as "liability" for Miami-Dade Police Department for failure to train Defendant Collier and its other employees, and for the Defendant's failure to properly utilize and store the body camera footage from his arrests. [*Id.*]. Plaintiff's damages stem mainly from "all the lost time in and out of jail due to Jeffrey Collier" arresting him. [*Id.* at 10].

C. <u>Defendant Miami-Dade Police Department Should Be Dismissed</u>

Plaintiff names Miami-Dade Police Department ("MDPD") as a Defendant because officials working for MDPD were the ones who "approved" of Plaintiff's four arrests. [ECF No. 1 at 6-8]. However, Plaintiff is in effect simply suing the municipality of Miami-Dade County itself because MDPD is a governmental subdivision of Miami-Dade County.

To the extent that Plaintiff seeks to bring a claim against MDPD based upon any of its officials' actions, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipalities can be sued under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690.

To impose § 1983 liability on MDPD, Plaintiff must show: (1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). In addition, a plaintiff "must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003).

Here, Plaintiff theories clearly rely upon *respondeat superior* theories to impose liability on MDPD. For example, in Claim 4, which Plaintiff titles "liability," Plaintiff states that by MDPD "not having the proper train (sic) official in investigating Officer Collier misconduct (sic) of his continue to arrest the same citizen over and over again they should be held liable for officer misconduct." [ECF No. 1 at 8]. Claims 1, 2, and 3, are also premised on the same theory, that the MDPD officers' approval of Plaintiff's four arrests should impute liability on MDPD for the actions of its officers. [*Id.* at 6-7]. Accordingly, Plaintiff's claims against the MDPD should be dismissed. *See Monell*, 436 U.S. at 691.

To the extent that Plaintiff's Amended Complaint might be liberally construed to allege that the MDPD might be liable because his rights were violated by a custom

6

or policy instituted, rather than a *respondeat superior* theory, this would also fail for two main reasons.

First, Plaintiff does not allege a custom or policy that constituted a deliberate indifference to his constitutional rights. *See Canton*, 489 U.S. at 388. While Plaintiff does state in a conclusory manner that there is a procedure in handling body camera recordings, which apparently was not properly followed by MDPD officers in his cases, this procedure does not constitute a violation of Plaintiff's constitutional rights because Plaintiff admits that the purpose of the procedure is to preserve the recordings and his allegation is that MDPD's officers are *not* following the policy.

Second, Plaintiff does not identify any "officials who speak with final policymaking authority" for MDPD "concerning the acts alleged to have caused" Plaintiff's constitutional injuries. *See Grech*, 335 F.3d at 1329. While Plaintiff does name three MDPD officials who "approved" of his four arrests, this is not the same as identifying an official who speaks with final *policymaking* authority. Accordingly, Plaintiff's claims against MDPD should be dismissed under whichever theory the Court analyzes his claims.

D. <u>Plaintiff's Claims Against Defendant Collier</u>

As stated previously, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin*, 261 F.3d at 1303. Here, Plaintiff seeks to sue

7

Defendant Collier in his individual capacity and alleges, among other things, that Defendant Collier violated his Fourth Amendment rights to be free from unreasonable search and seizure. In short, Plaintiff argues that Defendant Collier searched his pockets without probable cause, and then unlawfully arrested him after discovering drugs in his pockets via the illegal search.

The Fourth Amendment clearly establishes that it is improper to search or arrest someone without probable cause. In the Complaint, Plaintiff alleges a *prima facie* Fourth Amendment violation because Defendant Collier's search of his person was "objectively unreasonable" because "each time he made an arrest" his pockets were searched "without enough reasonable suspicion of any criminal activity." [ECF No. 1 at 7].

Plaintiff's basis for this allegation is that Defendant Collier's arrests and subsequent searches of his person were based on a single suspected drug transaction. [*Id*. at 6]. Plaintiff argues that "one single suspected act is not enough to obtain an investroy (sic) search of any citizen without enough factually (sic) basis." [*Id*. at 7]. Plaintiff also alleges that his motion to suppress in his criminal case in state court was granted on this basis, and that the charges against him were dismissed shortly after the motion to suppress was granted. [*Id*. at 6-7]. Accordingly, Plaintiff's liberally construed Complaint states a *prima facie* claim against Defendant Collier

for violation of his Fourth Amendment rights and should proceed on Claim 1, for false arrest, and on Claim 3, for illegal search and seizure.

Plaintiff's Claim 1 should also proceed as a federal § 1983 claim for malicious prosecution. To state a federal malicious prosecution claim, a plaintiff "must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).

A plaintiff must establish six elements to support a claim of malicious prosecution under Florida law: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).

Here, Plaintiff's Complaint easily makes out at least a *prima facie* case for the first four elements and the Fourth Amendment violation, as discussed with respect to Claim 3. The Undersigned liberally construes the Complaint to make allegations to satisfy the fifth and sixth elements, malice and damages, as well. This finding is

supported by Plaintiff's allegations that Defendant Collier arrested him for purposes of "harassment," which he discusses in Claim 2, and the fact that Plaintiff allegedly was forced to spend 5 months and 2 days detained in the pretrial detention center pursuant to the charges, suggesting damages. [ECF No. 1 at 6-7]. Thus, Claim 1 should proceed against Defendant Collier for malicious prosecution as well.

Plaintiff's Claim 2 ("harassment") and Claim 4 ("liability") should be dismissed, however. Plaintiff does not allege any state of federal violation here, and even liberally construed any legal claims would simply be subsumed by Plaintiff's Fourth Amendment, malicious prosecution, and false imprisonment claims against Defendant Collier.

### III.    Recommendations

Based on the above, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] should be **DISMISSED** as to Defendant Miami Dade Police Department on all claims, **DISMISSED** as to Defendant Collier on Claim 2 for "harassment" and Claim 4 for "liability" and should **PROCEED** on Claim 1 for false imprisonment and malicious prosecution and Claim 3 violation of Plaintiff's Fourth Amendment rights.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation

and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 6th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Donald Bell Jr.**
1603 N.W. 7th Avenue
Miami, FL 33136
*PRO SE*